**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID J. MONTER, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>METEOR SEALING SYSTEMS, LLC, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:26-cv-1986<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiffs David J. Monter ("Monter") and Paul Stephens ("Stephens"), individually and as representatives of a class of similarly situated persons, and on behalf of the Meteor Sealing Systems, LLC Employee Health Care Plan (the "Plan") (collectively "plaintiffs") seek an *ex parte* temporary restraining order. (Doc. No. 5 (Motion).) For the reasons below, the motion, to the extent it seeks an *ex parte* temporary restraining order, is **DENIED** without prejudice.

The Court may enter a temporary restraining order *ex parte* only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant's attorney certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The requirements of Rule 65(b)(1) must be "scrupulously honored." *Alahverdian v. Nemelka*, No. 3:15-cv-60, 2015 WL 1276453, at *2 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952). After all, "[an] [*ex parte*] temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Brown v.*

*Countrywide Home Loans*, No. 09-12359, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009) (citation omitted).

Plaintiffs' motion fails to satisfy the procedural requirements of Rule 65(b)(1)(B). While plaintiffs have submitted several affidavits in support of their motion, plaintiffs' counsel only certifies that "[a] copy of the foregoing [motion] has been served via Regular U.S. Mail on this 20th day of August 2026 upon the Defendants[.]" (Doc. No. 5, at 22.) Nowhere does plaintiffs' counsel certify "the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). This is fatal to the motion. Rule 65(b)(1)(B) requires a certification of "any efforts made to give notice ***and*** the reasons why it should not be required." *Id.* (emphasis added); *see also Davis v. Colerain Twp.*, No. 1:24-cv-56, 2024 WL 488211, at *1 (S.D. Ohio Feb. 8, 2024) (denying motion for *ex parte* temporary restraining order where counsel only certified that he emailed motion to defense counsel, but did not certify why notice should not be required (citation omitted)); *Le v. Huynh*, No. 23-cv-00914, 2023 WL 2504757, at *1 (N.D. Cal. Mar. 13, 2023) ("The failure to certify why notice should not be required is itself fatal to the motion for a temporary restraining order.").

Plaintiffs fail to demonstrate compliance with Rule 65(b)(1)(B)'s procedural requirements. For these reasons, to the extent that plaintiffs seek an *ex parte* temporary restraining order, their motion (Doc. No. 5) is **DENIED** without prejudice. If plaintiffs wish to pursue an *ex parte* temporary restraining order, they may supplement their request with the required certification on or before August 24, 2026. Otherwise, the Court will set a briefing schedule on the motion for preliminary injunction as appropriate.

**IT IS SO ORDERED.**

Dated: August 21, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**